UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COMPAGNIE MARITIME MARFRET, | Case No. 2:16-CV-1211 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NATURAL WATERS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Compagnie Maritime Marfret's ("Marfret") motion for a default judgment against defendants Natural Waters, Inc. ("Natural"), Samuel J. Rowe, and Larry J. Lucas. (ECF No. 15). Defendant Rowe filed a response (ECF No. 22), and plaintiff filed a reply (ECF No. 25).

Also before the court is defendant Rowe's motion to set aside the clerk's entry of default. (ECF No. 21). Plaintiff has filed a response (ECF No. 26), and Rowe has filed a reply (ECF No. 27).

Plaintiff filed its complaint on May 31, 2016, alleging three claims against defendants: (1) fraudulent misrepresentation; (2) conversion, and (3) replevin/claim and delivery. (ECF No. 1). Summons to the defendants were returned executed on June 14, 2016; June 17, 2016; and August 29, 2016. (ECF Nos. 5–7, 12). On September 28, 2016, plaintiff submitted its motion for entry of clerk's default, and the clerk entered default on September 30, 2016. (ECF Nos. 13, 14).

On November 11, 2016, plaintiff submitted its motion for default judgment. (ECF No. 15). Due to the court's granting of a stipulation to extend time to respond to the motion for default judgment, Rowe's response was timely. (ECF Nos. 19, 22).

**James C. Mahan**
**U.S. District Judge**

Rowe's subsequently filed motion to set aside the clerk's entry of default argues that: (1) his cancer treatment "is a primary reason Rowe did not actively participate earlier [in the case]"; (2) the complaint does not specifically identify Rowe's connection to the alleged fraud; and (3) Rowe is more appropriately characterized as a fellow victim of the alleged scheme. (ECF No. 21 at 2–4).

Plaintiff responds that Rowe's motion fails to offer "a sufficient explanation as to why Rowe failed to timely answer the complaint, despite the fact that he had actual notice of its pendency for months prior to the entry of default." (ECF No. 26 at 2). Additionally, plaintiff requests that, should the court grant the motion to set aside the entry of default, Rowe pay "reasonable attorneys' fees and costs incurred in obtaining the default and in responding to the present Motion." (*Id.* at 2–3).

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). When adjudicating this question, a court considers if "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 503 (N.D. Cal. 2015) (quoting *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991)). Meeting any one of these prongs is sufficient. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter "*Signed*"].

Furthermore, the Ninth Circuit has emphasized that a trial court should adjudicate a case on its merits "whenever possible." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also Signed*, 615 F.3d at 1091 (noting that the standard for relief under Federal Rule of Civil Procedure 55(c) is the same as the standard for relief under Federal Rule of Civil Procedure 60(b)).

Here, the court finds that Rowe has identified a plausible defense in this case. Specifically, he questions the sufficiency of the complaint's factual allegations regarding his purported fraudulent behavior. *See* (ECF No. 21). Presently, it is not clear that plaintiff's complaint would satisfy Federal Rule of Civil Procedure's 9(b)'s heightened pleading requirement as it pertains to this defendant. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); (ECF

No. 1); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Finally, the court holds that plaintiff has not sufficiently shown that Rowe's dilatory participation in the case has directly produced prejudicial effects. *See* (ECF No. 26); *see also Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) (suggesting that the decision of whether to apply conditions to the court's setting aside of default is discretionary).

In sum, the court will grant Rowe's motion to set aside the clerk's entry of default. (ECF No. 21). Because this holding does not change Natural and Lucas's default status—and the same have not presented an objection to plaintiff's motion for default judgment—that motion will be granted as to those two defendants. (ECF No. 15). However, that motion will be denied as to Rowe.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Rowe's motion to set aside the clerk's entry of default (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Marfret's motion for default judgment (ECF No. 15) be, and the same hereby is, GRANTED as to Natural and Lucas, but DENIED as to Rowe.

DATED June 14, 2017.

_____
UNITED STATES DISTRICT JUDGE