UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

COMPAGNIE MARITIME MARFRET,

Plaintiff(s),

v.

NATURAL WATERS, INC., et al.,

Defendant(s).

Case No. 2:16-CV-1211 JCM (BNW)

ORDER

Presently before the court is Plaintiff Compagnie Maritime Marfret's ("plaintiff") motion for default judgment against defendant Samuel Rowe ("Rowe"). (ECF No. 46). Defendant has not filed a response, and the time to do so has passed.

**I.      Background**

Plaintiff is a steamship company that operates vessels dealing in "worldwide trade." (ECF No. 1). In April 2016, one of plaintiff's vessels was about to transit the Panama Canal. *Id.* According to plaintiff, steamship companies hire local agents in Panama to facilitate the payment of canal dues. *Id.* Accordingly, plaintiff contacted a company called CB Fenton Co. S.A. ("Fenton") to act as its agent for the trip. *Id.*

Plaintiff alleges that defendants Rowe and Larry Lucas ("Lucas"), the owners and operators of defendant Natural Waters, Inc. ("Natural Waters") (collectively, "defendants"), surreptitiously monitored the email traffic between plaintiff and Fenton detailing the transfer of funds to pay the canal dues. *Id.* Allegedly, just before plaintiff was about to make the payment to Fenton, plaintiff received an email which "appeared to come from Fenton" advising that it had changed its account information and the canal dues in the amount of "$225,325.12 should be sent to their alternative account in the United States at Bank of America." *Id.*

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff alleges that this email communication came from defendants, posing as Fenton,

2    which induced it to wire the $225,325.12 in canal dues to Natural Waters' account at Bank of

3    America. *Id.* Thereafter, when plaintiff realized that defendants' email communication was

4    illegitimate, it attempted to cancel the wire payment through its bank and through Bank of

5    America. *Id.* However, Bank of America informed plaintiff that it could not reverse the wire

6    payment. *Id.*

7    Accordingly, plaintiff filed the instant suit against defendants on May 31, 2016. *Id.*

8    Plaintiff asserts three causes of action against defendants: (1) fraudulent misrepresentation; (2)

9    conversion; and (3) replevin/claim and delivery. *Id.* After plaintiff filed the instant action, on June

10   28, 2016, defendants returned $141,000.00 to plaintiff. *Id.* Accordingly, defendants allegedly

11   retain $84,325.12 of the wrongfully acquired funds. *Id.*

12   The instant motion is plaintiff's second motion for default judgment against Rowe. *See*

13   (ECF No. 15). Plaintiff filed its first motion for default judgment against defendants on November

14   11, 2016. *Id.* Before the court ruled on the motion for default judgment, Rowe filed a motion to

15   set aside clerk's entry of default on December 7, 2016. (ECF No. 21).

16   Thereafter, the court granted plaintiff's motion for default judgment as to Lucas and

17   Natural Waters for their failure to appear in this action. (ECF No. 35). However, the court granted

18   Rowe's motion to set aside clerk's entry of default and denied plaintiff's motion for default

19   judgment as to Rowe, accordingly. *Id.*

20   In its order, the court found that Rowe had "identified a plausible defense in this case,"

21   which the Ninth Circuit has deemed a sufficient reason to set aside clerk's entry of default. *Id.*

22   (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir.

23   2010)). In light of Rowe's asserted defense and the Ninth Circuit's well-established precedent that

24   cases should be adjudicated on the merits whenever possible, the court found good cause to set

25   aside clerk's entry of default against Rowe. *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.

26   1984)).

27   Now, plaintiff brings its second motion for default judgment against Rowe for his

28   continued failure to defend against this action. (ECF No. 46).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

## III. Discussion

As a preliminary matter, plaintiff's motion requests an award of fees and costs in addition to default judgment in the amount of $84,325.12 against Rowe. (ECF No. 46). The court finds that plaintiff has not sufficiently addressed the required LR 54-14 factors and will therefore defer consideration of an award of attorneys' fees until an appropriate motion is filed. *See* LR 54-14(b). The court will now address whether plaintiff is entitled to default judgment against Rowe.

After considering the *Eitel* factors, the court finds good cause to grant plaintiff's motion for default judgment. Plaintiff will be prejudiced if default judgment is not entered, as plaintiff will be left without any legal remedy to recover the stolen funds from Rowe. *See Eitel*, 782 F.2d at 1471–72. Further, there is no possibility of a dispute concerning the material facts of this case, as Rowe had failed to file an answer to plaintiff's complaint and there is no indication in the record that Rowe's continued default is due to excusable neglect. *See id.*

1    Moreover, defendants have admitted wrongdoing by returning a portion of the money they

2  stole from plaintiff and the court has already entered default judgment against Lucas and Natural

3  Waters.  (ECF No. 35).  Therefore, the *Eitel* factors dealing with the merits of the claims and the

4  sufficiency of the complaint weigh in favor of plaintiff.

5    In light of the foregoing, the court will enter default judgment in the amount of $84,325.12

6  in favor of plaintiff and against Rowe.

7  **IV.    Conclusion**

8    Accordingly,

9    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for

10  default judgment (ECF No. 46) be, and the same hereby is, GRANTED.

11    IT IS FURTHER ORDERED that the clerk of court shall enter default judgment in favor

12  of plaintiff and against Rowe in the amount of $84,325.12 and close the case, accordingly.

13    DATED July 30, 2019.

14  _____
                        UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**